# UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### San Francisco Venue

### Request for Modifying the Conditions or Term of Supervision
### from the Person Under Supervision
*(Probation Form 49, Waiver of Hearings is Attached)*

**Person Under Supervision**  
Kevin Matthew Bianchi

**Docket Number**  
0971 3:19CR00512-001 SI

**Name of Sentencing Judge:**  The Honorable Douglas L. Rayes  
United States District Judge

**Date of Original Sentence:**  November 13, 2017

**Original Offense**  
Count 9: Fraud in Connection with Counterfeit Access Devices, 18 U.S.C. § 1029(a)(1) and 18 U.S.C. § 1029(c)(1)(A)(i), a Class C felony  
Count 19: Aggravated Identity Theft, 18 U.S.C. § 1028A(a)(1), a Class E felony

**Original Sentence:** 24 months imprisonment, which consists of time served on Count 9, and 24 months imprisonment on Count 19, to run consecutively, and thirty-six months of supervised release on count 9; twelve months supervised release on Count 19 to run concurrently.

Jurisdiction was accepted for transfer from the District of Arizona to the Northern District of California and assigned to the Honorable Susan Illston on October 9, 2019.

**Special Conditions:**  Cooperate in the collection of DNA; notify court of any material change in economic circumstances; access to financial information; prohibited from gambling; search; substance abuse treatment and testing; alcohol restriction; mental health treatment, $200 special assessment, and $5,978 restitution.

**Prior Form(s) 12:** On November 3, 2020, a Request for Modifying the Conditions or Term of Supervision from the Person Under Supervision was submitted due to Kevin Bianchi admitting to drinking and gambling. On November 5, 2020, the Court ordered to modify the special conditions to add the following: inpatient substance abuse treatment; place restriction – type of establishment; no gambling; and alcohol monitoring.

On January 14, 2021, a Request for Modifying the Conditions or Term of Supervision from the Person Under Supervision was submitted to include 60 days Soberlink alcohol monitoring, as requested by Mr. Bianchi for added accountability.

**RE:** Bianchi, Kevin Matthew 2
0971 3:19CR00512-001 SI

| **Type of Supervision** | **Date Supervision Commenced** |
|---|---|
| Supervised Release | July 9, 2019 |
| **Assistant U.S. Attorney** | **Defense Counsel** |
| Not Assigned | Not Appointed |

## Petitioning the Court

To modify the conditions of supervised release as follows:

Residential Reentry Center – You must reside in a residential reentry center for a term of 30 days. You must follow the rules and regulations of the center.

Alcohol Monitoring – Defendant shall be subject to Soberlink SL3 alcohol monitoring for 30 days as directed by the supervising officer. This is to commence after the completion of his 30-day term in the halfway house. You must pay the costs of the program.

## Cause

| Charge Number | Violation |
|---|---|
| One | There is probable cause to believe that Mr. Bianchi violated standard condition number five that states, in part, you must live at a place approved by the probation officer. |
| | On August 24, 2021, it was discovered that Mr. Bianchi relocated without notifying his supervising probation officer. |
| | Specifically, on August 24, 2021, a home visit was attempted at what was believed to be his residence. After unsuccessfully contacting Mr. Bianchi, it was discovered that Mr. Bianchi moved to a new residence. |
| | Evidence of this charge may be found in a violation report from the District of Nevada, U.S. Probation Office, dated December 8, 2021. |
| Two | There is probable cause to believe that Mr. Bianchi violated special condition number six that states, in part, you must participate in testing for substance abuse. |
| | On the following dates, Mr. Bianchi failed to report for scheduled alcohol and substance abuse testing, as directed by his supervising probation officer: June 17, 2021; October 11, 12, and 23, 2021; December 4, 2021. |
| | Evidence of this charge may be found in a violation report from the District of Nevada, U.S. Probation Office, dated December 8, 2021. |

RE:   Bianchi, Kevin Matthew   3
      0971 3:19CR00512-001 SI

| | | |
|---|---|---|
| Three | | There is probable cause to believe that Mr. Bianchi violated special condition number six that states, you must not use or possess alcohol or alcoholic beverages. |
| | | On November 2, 2021, Mr. Bianchi tested positive for alcohol. |
| | | Specifically, Mr. Bianchi submitted positive BAC levels of .25% at 9:05am and .021% at 9:20am. |
| | | Evidence of this charge may be found in a violation report from the District of Nevada, U.S. Probation Office, dated December 8, 2021. |

By way of case history, the District of Nevada, U.S. Probation Office accepted Mr. Bianchi as a pretransfer request in October 2020. Since that time, he has accumulated several violations including alcohol abuse, gambling, providing false information his probation officer, and lack of employment. Since that time, our office requested a modification of conditions, to include treatment, gambling restriction and alcohol monitoring.

Since the modification was ordered in November 2020, Mr. Bianchi successfully completed his term of inpatient treatment, gained employment and completed his 30-day term of alcohol monitoring. He also requested an additional 60 days on the alcohol monitoring device to address his alcohol addiction, and successfully completed that term.

On August 24, 2021, a home visit was conducted at what his supervising probation officer believed was his residence. However, after the unsuccessful home visit was attempted, Mr. Bianchi advised his supervising probation officer that he relocated to a new residence. This occurred despite his probation officer personally instructing Mr. Bianchi to report when he was moving to a new residence since his mother was selling her house.

On November 2, 2021, Mr. Bianchi tested positive for alcohol. On November 3, 2021, Mr. Bianchi was contacted by his probation officer to discuss the positive test. When he was asked why he had a positive alcohol test, he claimed he was not sure. Through further questioning, he finally admitted that he had "a couple drinks" that night. Mr. Bianchi continued to state that he has been "going through it" and has a girlfriend that has terminal cancer, and he has been working daily. When questioned about his alcohol use, he stated he is not drinking excessively but did have a few drinks approximately two to three times weekly.

On November 5, 2021, Mr. Bianchi admitted himself into an alcohol detoxification program and was ultimately discharged on November 11, 2021. Issues arose when Mr. Bianchi left his residence and did not disclose to his supervising probation officer where he was. He did not disclose the location of his whereabouts until after he was discharged from the detoxification program. On November 6, 2021, his fiancée texted his supervising probation officer notifying that Mr. Bianchi checked himself into the hospital for detoxification but did not disclose which hospital.

On December 4, 2021, Mr. Bianchi missed a drug test. That evening, at approximately 8:48 pm, his probation officer called and texted Mr. Bianchi and his fiancée. On December 5, 2021, contact as made with Mr. Bianchi to discuss the missed the test and instructed to report to the probation office on December 6, 2021.

**RE:**   Bianchi, Kevin Matthew   4
0971 3:19CR00512-001 SI

On December 6, 2021, while in the Probation Office, Mr. Bianchi submitted a negative drug and alcohol test. However, he was asked to show this officer his phone, to which he agreed. His messages indicated he had a text communication with a friend approximately 45 minutes after his probation officer called him. Additionally, his call log indicated he called the drug testing line two minutes after his probation officer called him. He indicated that he was in bed and figured he would call his officer back first thing in the morning. Mr. Bianchi stated he did not believe it was pressing and that could not wait until the morning.

The supervising probation officer in the District of Nevada ultimately proposes a modification for 30 days at the halfway house and 30 days soberlink to commence after his completion at the halfway house. On December 8, 2021, Mr. Bianchi signed the attached Probation Form 49 – Waiver of Hearing, agreeing to the modification. Mr. Bianchi was advised that any further violations would likely require him to have a hearing before the Court.

Respectfully submitted,                Reviewed by:

*Joseph Milliken*                          *Michael J. Primeau*

Joseph Milliken                             Michael J. Primeau
U.S. Probation Officer                   Supervisory U.S. Probation Officer
Date Signed: January 12, 2022

---

THE COURT ORDERS:

[X]   To modify the conditions of probation as follows:

Residential Reentry Center – You must reside in a residential reentry center for a term of 30 days. You must follow the rules and regulations of the center.

Alcohol Monitoring – Defendant shall be subject to Soberlink SL3 alcohol monitoring for 30 days as directed by the supervising officer. This is to commence after the completion of his 30-day term in the halfway house. You must pay the costs of the program.

[ ]   Submit a request for a warrant
[ ]   Submit a request for summons
[ ]   Other:

January 14, 2022                           *Susan Illston*
Date                                              Susan Illston
                                                      Senior United States District Judge

PROB 49
(3/89)

# UNITED STATES DISTRICT COURT

## Northern District of California

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. **Residential Reentry Center** – You must reside in a residential reentry center for a term of 30 days. You must follow the rules and regulations of the center.

2. **Alcohol Monitoring** – Defendant shall be subject to Soberlink SL3 alcohol monitoring for 30 days as directed by the supervising officer. This is to commence after the completion of his 30-day term in the halfway house. You must pay the costs of the program.

Witness _____          Signed _____
U.S. Probation Officer                              Probationer or Supervised Releasee

Date 12/8/21